UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Iowa Physicians Clinic Medical Foundation, d/b/a Iowa Health Physicians, and Randall Mullin, M.D., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 07-4012 |
| Physicians' Insurance Company of Wisconsin, | ) ) ) | |
| Defendant | ) | |

**ORDER**

**INTRODUCTION**

Following this Court's dismissal of Count I, which is the bad faith claim by Iowa Physicians Clinic Medical Foundation, d/b/a Iowa Health Physicians (hereinafter IHP), IHP filed a motion to reconsider or, in the alternative, for a Rule 54(b) certification for interlocutory appeal. The motion to reconsider was denied (see Order of Dec. 19, 2007, Doc. #25). In that Order, I concluded that 54(b) certification appeared appropriate but that the motion was untimely. IHP was directed to supplement its motion, explaining the delay in the context of Schaeffer v. First National Bank of Lincolnwood, 465 F.2d 234, 236 (7th Cir. 1972).

That supplement and Defendant's response thereto are now on file. I have carefully considered the arguments of the parties. For the following reasons, the Motion [#23] is granted.

**DISCUSSION**

Motions for Rule 54(b) certifications must be timely filed. In the Seventh Circuit, that means such a motion must ordinarily be filed within "thirty days after the entry of the adjudication to which it relates." Schaeffer, 465 F.2d at 236, quoted in Officer v. As Chase Ins. Life & Annuity Co., 500

F.Supp. 2d 1083, 1084-85 (N.D. Ind. 2007).  See also, Heath v. Wal-Mart Stores, Inc., – F. Supp. –, Case No. 99-63-C, 2001 WL 58600, Jan. 23, 2001 (S.D. Ind.);  C&F Packing Co. v. IBP Inc., – F. Supp. –, Case. No. 93C1601, 1994 WL 484630, *1, Sept. 2, 1994 (N.D.Ill);  Rockwell Graphic Systems, Inc. v. Dev Industries, Inc., – F. Supp. –, Case No. 84C6746, 1993 WL 45947, *1, Feb. 17, 1993 (N.D. Ill.); Cherokee Nation of Oklahoma v. U.S., 23 Cl.Ct. 735 (1991).

The adjudication at issue is this Court's ruling (See Order dated August 6, 2007, Doc. #22) that Defendant Physicians' Insurance Company of Wisconsin (hereinafter PIC) did not owe to IHP a duty to settle under Illinois law;  hence IHP's claim for bad faith failure to settle was deficient as a matter of law.  Because the Motion for Rule 54(b) certification was not filed until Nov. 6, 2007, 90 days after that ruling adjudication, the December 19 Order held that the motion was untimely, unless this was one of the "rare occasions"  of "extreme hardship"  where "dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice."  Schaeffer, 465 F.2d  at 236.

IHP first argues in its supplement that  Schaeffer should not govern in this situation because the 30 day period re-started when the Court ruled on the motion to reconsider.  There is no basis for such an extension.  The adjudication at issue is and always has been the original Order, which was dated August 6, 2007. As the Seventh Circuit made abundantly clear in Schaeffer, the reason for the 30 day time limitation is to eliminate the "potential for abuse inherent in condoning delays in filing Rule 54(b) motions" as well as to avoid "erecting an unnecessary disparity between timeliness requirement for appeals before and appeals after the ultimate termination of a lawsuit in the trial court."  Schaeffer, 465 F.2d at 236. Because there is no time limitation for filing a motion to reconsider, allowing the filing of such a motion to affect the 30 day limitation on filing Rule 54(b) motions would circumvent the Schaeffer rule, encouraging unnecessary delay and creating the

frowned-upon disparity between appeals as of right and interlocutory appeals. Filing a motion to reconsider 90 days after the ruling in question does not restart the 30 day period. See, C&F Packing Co. v. IBP Inc., – F. Supp. –, No. 93C1601, 1994 WL 484630 *1, Sept. 2, 1994 (N.D.Ill).

Hence the Motion for Rule 54(b) certification was not timely filed unless the Schaeffer standard can be satisfied. IHP argues that it meets that standard because it had "good reason for waiting" 90 days to file its motion. "Good reason" is not the standard: the standard is "dilatoriness not occasioned by neglect or carelessness" that results in extreme hardship.

Although IHP's motion may be couched in terms that are not consistent with the governing standard, it is abundantly clear that IHP's delay had nothing to do with carelessness or negligence. Counsel's conduct, described in detail in the affidavit submitted with the supplement, was deliberate and cautious. The delay was necessitated by the unique relationship (described in the December Order) between IHP's claim and Dr. Mullins' claim. Thus, although the claims of the two Plaintiffs were separate[1], they were significantly intertwined, necessitating joint decisions and strategy. At each stage, with each ruling by this Court, those decisions and strategies had to be revisited. Once this Court ruled that IHP's claim failed as a matter of law, the procedural posture of the case changed dramatically. There was no negligence or carelessness, just caution and deliberate advocacy.

The concerns addressed by the Schaeffer Court do not present themselves here. Allowing immediate appeal of IHP's dismissal would not amount to condoning a piecemeal appeal. The issue to be considered on the interlocutory appeal - a purely legal question applying to IHP's claim only - would not be re-visited were IHP's claim tried with Mullins' claim after the interlocutory appeal.

---

[1] Originally the 2 Plaintiffs presented a joint claim for declaration that the anti-assignment provision of the policy was unenforceable. That claim has been voluntarily dismissed.

Moreover, as the Schaeffer Court also noted, the District Court may properly weigh the policy disfavoring piecemeal appeals against "whatever exigencies the case at hand may present." 465 F.2d at 235.  See also, Curtiss-Wright Corp. v. G.E.Co., 446 U.S. 1, 8 (1980)(Supreme Court expresses reluctance to establish narrow guidelines for district courts to follow in deciding Rule 54(b) motions).

In this case, allowing the interlocutory appeal is most likely to lead to a single unified trial on all issues, rather than multiple trials or dismissal on grounds that are not only divorced from the merits but that are wholly avoidable by the expedient appeal of this legal question.  Meaningless expenditures of judicial resources ought be eliminated wherever possible, and here such waste is avoidable.  Another issue of judicial efficiency overlaps an issue of conserving party resources.  If this Court's ruling is upheld on interlocutory appeal, this case is over without any trial at all, based on Dr. Mullins' decision that he will not be able to proceed without IHP as a co-plaintiff.  And requiring PIC to proceed on an interlocutory appeal does not impose contravening inefficiencies: PIC will have to brief this separate legal issue at some point, whether during interlocutory appeal or later.  Requiring that briefing sooner rather than later cannot be viewed as prejudicial to PIC.

Finally, there are some factual differences in the procedural posture that was presented to the Schaeffer Court and those present in this case.  Underlying the decision in Schaeffer were previous delays.  In Schaeffer, the delay was over a year and was occasioned in part by clearly careless conduct of counsel, and in part by less than prompt attention by the trial court.  Counsel in Schaeffer had attempted to appeal a partial determination without obtaining the requisite certification. The Court of Appeals rejected the appeal on that very basis and remanded to the trial court.  At that point, clearly on notice, counsel failed to ask for the certification for 3 months, and the District Court did not rule for over 2 months later.  The conduct and the lengthy delay, said the Schaeffer Court, made

4

it difficult to accept the District Court's otherwise unsupported statement that there was no just reason to delay. Id. at 236.

The delay in this case is relatively brief - 3 months in all - whereas the parties and their attorneys have been wholly diligent in every other way throughout this case. The delay, while longer than the norm of 30 days, is not sufficient to cast doubt on the realities of the reasons behind the delay.

PIC argues that there is no extreme hardship here because the procedural posture of this case is due solely to strategic decisions made by the Plaintiffs. I disagree. First, that is a gross oversimplification of the situation: the posture of this case is also the result of this Court's rulings, not to mention the strategy of Defendant itself. Second, the fact that strategic choices were made and changed during the course of this litigation does not eliminate the possibility of resultant hardship.

The type of "extreme hardship" necessary to overlook a late-filed motion for certification is not defined in Schaeffer, and I have found no case specifically addressing that issue. The Seventh Circuit has noted, however, that there is no "set procedure" for obtaining certification, and has set out a list of factors that should be considered, including economic factors. Bank of Lincolnwood v. Federal Leasing Inc., 622 F.2d 944, 949 (7th Cir. 1980). I see no reason that harsh financial results cannot be considered in the related issue of timing.

Harsh results will almost certainly follow denial of interlocutory appeal. IHP will be prejudiced, because Dr. Mullins will either try his own case without the able assistance (financial and legal) of a co-party, or he will dismiss his case, thereby losing the type of corroboration that strengthens a plaintiff's case. Dr. Mullins will be prejudiced: his choice is to fund the balance of this litigation, dedicating the time and resources that are difficult for an individual to manage, or he will forfeit his right to recover damages for what he believes to have been misconduct by his insurer.

Post- Schaeffer cases denying Rule 54(b) certification are distinguishable. In most of them, no argument or evidence of hardship was presented. See, Officer, 500 F.Supp. 2d 1083 (declining to allow 54(b) appeal after 2 months delay in seeking certification following order on summary judgment, where no hardship was presented to justify the delay); Autozone Inc. v. Strick, – F. Supp. –, No. 03-8152, 2007 WL 683992, Mar. 1, 2007 (N.D. Ill.)(5 week delay; no hardship presented); Heath v. Wal-Mart Stores, Inc., 2001 WL 58600, Jan. 23, 2001 (S.D. Ind.)(45 days; no facts or arguments re: hardship or unfairness), citing Columbia Broadcasting Sys. Inc. v. Amana Refrigeration Inc., 271 F.2d 257 , 258 (7th Cir. 1959) for proposition that motion for certification for interlocutory appeal must be timely unless hardship or *unfairness*); U.S. v. Smith, 196 F.R.D. 505 (N.D. Ind. 1999)(9 month delay, no hardship presented); C&F Packing Co. Inc. v. IBP Inc., – F. Supp. –, No. 93C1601, 1994 WL 484630, Sept. 2, 1994(N.D.Ill.)(length of delay not specified but well over 2 months).

**CONCLUSION**

While this Court remains confident in its analysis and ruling, dismissal of IHP's claim was nonetheless based on an issue of first impression. Whether a duty to settle runs to an entity such as IHP - a policy holder who pays the premium and selects the coverage but who is not the insured - is a question not before decided by either Illinois courts or the Seventh Circuit. As the parties in this case so ably demonstrated, there are good arguments for either outcome. Hence, reversal on appeal is not out of the question.

Moreover, were the ruling to be reversed after Dr. Mullins had tried his claim, valuable resources - judicial and party - would be wasted; IHP would then be entitled to come back to this Court and litigate its own claim, which factually overlaps significantly with Dr. Mullins' claim. And if Dr. Mullins dismisses his claim now so that IHP can appeal immediately, then a

6

reversal on appeal would mean that the claim currently most firmly grounded in the law would never be decided.  Unnecessarily bifurcating the two claims seems inconsistent with the interests of justice.

There is no question that the Order dismissing IHP's claim is a controlling question of law as to which there is substantial ground for difference of opinion.  It is also true that an immediate appeal from that Order would ultimately advance termination of this litigation in the manner that most wisely utilizes judicial and other resources.  See, 28 U.S.C. 1292(b).

I therefore conclude that this is one of those rare cases in which application of the 30 day limitation period ought to be abrogated in the interests of justice.  There is no just reason to delay IHP's appeal of the Order finding that there is no duty to settle that runs from an insurer to any entity or person other than the insured.  The motion [#23] for Rule 54(b) certification is granted, and the motion to stay Dr. Mullins' claim pending resolution of the interlocutory appeal is also granted.

The Clerk is directed to enter judgment in favor of Physicians' Insurance Company of Wisconsin  and against Iowa Physicians Clinic Medical Foundation on Count I.  The remainder of this case is stayed until further order of the Court.

ENTER this 29th day of January 2008.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE